## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Paul Evans Menefee,**

   **Plaintiff,**

**v.**                **Case No. 09-2127-JWL**

**Lyle F. Zepick, M.D. and**
**Medtronic, Inc.,**

   **Defendant.**

## <u>MEMORANDUM & ORDER</u>

Plaintiff filed a pro se complaint against defendant alleging claims of medical malpractice and products liability. In his complaint, plaintiff designated Kansas City, Kansas as the place of trial. This matter comes before the court on defendant Lyle Zepick's motion to transfer case (doc. 10). In his motion, defendant Zepick contends that there is no connection between Kansas City and this case and that the case should be transferred to Wichita, Kansas, a substantially more convenient location for trial. As will be explained, the motion is granted both because it is uncontested and because the merits of the motion warrant transferring the case to Wichita.

Defendant filed his motion to transfer on April 23, 2009 and, pursuant to Local Rule 6.1(d)(1), plaintiff had 14 days within which to file a response to the motion. That deadline has passed and plaintiff has not filed a response to the motion and he has not contacted the court in any manner concerning the motion. Pursuant to Local Rule 7.4, then, the court considers and decides defendant's motion as an uncontested motion and grants the motion without further notice to plaintiff.

The court also grants the motion on the merits.  In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a).  *See Frame v. Salina Reg'l Health Ctr.*, Case No. 07-2442-JWL, 2008 WL 400185, at *1 (D. Kan. Aug. 26, 2008) (citing *Benson v. Hawker Beechcraft Corp.*, Case No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007)).[1] Section 1404(a) provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  This statute grants a district court broad discretion in deciding a motion to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp.*, 928 F.2d at 1516.  The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum

---

[1]Although § 1404(a) is inapplicable to intra-district transfers on its face because Kansas constitutes only one judicial district and division, the statute provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."  28 U.S.C. § 1404(c).

is not disturbed. *Id.* However, because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if the plaintiff does not reside there. *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Vanmeveren v. Int'l Bus. Mach. Corp.*, No. 05-1322-JTM-DWB, 2005 WL 3543179, at *2 (D. Kan. Dec. 27, 2005)).

Applying these factors to the facts in this case, the court finds that the motion to transfer is warranted because, "[c]learly, the more convenient venue to try this case is Wichita." *Aramburu v. Boeing Co.*, 896 F.Supp. 1063, 1065 (D. Kan. 1995). The two primary factors for consideration in this case are the plaintiff's choice of forum and the convenience of the witnesses. Although plaintiff designated Kansas City as the place of trial, his choice is not entitled to the deference it would otherwise receive because plaintiff himself resides in Wichita. *E.g., Spires*, 2006 WL 1642701, at *2 (when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3848 (3d ed. 2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere). Consequently, although the court considers the plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so." *Spires*, 2006 WL 1642701, at *2 (quoting *Dworkin v. Hustler Magazine, Inc.*, 647 F.Supp. 1278, 1280–81 (D. Wyo. 1986)).

The plaintiff's choice of forum is further discounted because of the enormous disparity in convenience between Kansas City and Wichita. As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer. *See e.g., Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."). According to his complaint, Mr. Menefee resides in Wichita, Kansas and defendant Zepick resides and works in Wichita, Kansas. It also appears from Mr. Menefee's complaint that the medical procedures that are the focus of his medical malpractice claim took place in Wichita and that the medical devices that are the focus of his products liability claim were used in Wichita, Kansas. Nothing on the face of plaintiff's complaint reveals any connection of facts or persons to Kansas City. In addition, defendant Zepick's counsel is located in Wichita. Indeed, the only connection this case has to Kansas City appears to be the location of defendant Medtronic, Inc.'s counsel–but Medtronic, Inc. has also not opposed the motion to transfer. Because this case has only a tangential connection to Kansas City, there is little difficulty in finding that Wichita is a more convenient forum.

Ultimately, though, the court has to find that Kansas City is substantially inconvenient, not just that Wichita is more convenient. *Spires*, 2006 WL 1642701, at *3. That threshold is met by examining the convenience of Kansas City as a forum for plaintiff and his witnesses and defendants and their witnesses. The acts complained of by plaintiff occurred in Wichita. As it stands, the majority of this case will involve medical procedures that were performed in Wichita and a medical device that was implanted in Wichita. If the trial were held in Kansas City, it

4

would force all witnesses to travel to Kansas City from Wichita to testify.  By forcing them to spend time traveling to Kansas City, these witnesses would be required to miss work.  Thus, Kansas City would be a significantly inconvenient forum for these witnesses.  Furthermore, designating Kansas City as the forum would burden plaintiff himself, because his residence in Wichita is approximately 200 miles from Kansas City.  Exercising its discretion, the court is persuaded that Wichita is the more convenient forum based on its relative convenience for the witnesses, parties, and attorneys involved.  As a result, in the interests of justice, the motion to transfer to Wichita is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Zepick's motion to transfer (doc. 10) is granted.  The court orders that this case be transferred to be reassigned by the clerk's office to one of the resident Judges in Wichita.

**IT IS SO ORDERED** this 12th  day of May, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Court Judge